28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Basone OMUSO, Jr., Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9557.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from a final order of the Board of Immigration Appeals. This court reviews the Board's orders pursuant to Section 106(a) of the Immigration & Naturalization Act, 8 U.S.C. 1105(a). Pro se petitioner Omuso appeals on the grounds that the Board of Immigration Appeals abused its discretion when it upheld the immigration judge's denial of a second continuance of petitioner's deportation proceedings and by affirming the immigration judge's denial of a change of venue. Petitioner further argues that the decision of the Board of Immigration Appeals is not supported by substantial evidence. We affirm.
 
 
 3
 This appeal is the most recent episode in a long history of immigration proceedings affecting this petitioner. Petitioner is a native and citizen of Nigeria who came to the United States as a nonimmigrant student authorized to attend Wichita State University until May 30, 1985. Petitioner ceased attending that school in 1982. In 1987, petitioner was convicted in the Western District of Missouri of conspiracy and fraud against the INS and the United States Department of Education on charges relating to the administration of grants and loans by the Department of Education, arranging "a marriage of convenience" for the purpose of procuring a visa and permanent residency, and violations related to federal student financial aid. For these offenses petitioner was sentenced to two concurrent three-year prison terms and ordered to make restitution. Shortly after the convictions, petitioner was placed in deportation proceedings.
 
 
 4
 Petitioner argues that he should have been granted a second continuance of his deportation proceedings. The immigration judge granted one such continuance request. The record is clear that petitioner had ample time to attempt to obtain counsel and to prepare for his deportation proceeding. Petitioner has further failed to show any prejudice as a result of the denial of a second continuance. We therefore hold that the Board of Immigration Appeals did not abuse its discretion in upholding the immigration judge's decision not to grant a second continuance.
 
 
 5
 Petitioner sought a change of venue of his deportation proceedings to New Orleans, Louisiana. Petitioner failed to present to the immigration judge or to the Board of Immigration Appeals specific evidence that would have supported the motion for change of venue. We cannot say that the Board of Immigration Appeals abused its discretion in affirming the immigration judge's denial of the motion for change of venue.
 
 
 6
 The record in this case is clear that there is substantial evidence to support the determination of the Board of Immigration Appeals that petitioner is deportable. He was found deportable on three grounds: (1) having remained in the United States longer than permitted, 8 U.S.C. 1251(a)(2); (2) having failed to comply with the conditions of its nonimmigrant status, 8 U.S.C. 1251(a)(9); and (3) having been convicted of a crime involving moral turpitude committed within five years of entry, 8 U.S.C. 1251(a)(4). Petitioner admitted that he had no permission to remain in this country beyond May of 1985 and that he had never obtained permission from the INS to transfer schools or move to New Orleans. Petitioner further cannot deny that he was convicted of a crime involving moral turpitude committed within five years of his entry. For all of these reasons, we hold that the Board of Immigration Appeals did not abuse its discretion and that substantial evidence existed to support the finding of deportability.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470